STEPHEN C. BEDELL, Respondent *v.* THE LONG ISLAND RAIL-
ROAD COMPANY, Appellant.

In an action to recover damages for setting fire to and burning the plain-
tiff's house, by the negligent use of a steam engine, evidence that a screen,
formerly used to cover the smoke pipe, had been removed, and that
while so removed, large burning cinders, which could not have passed
the screen, were thrown to considerable distances, and fences and build-
ings ignited thereby, is sufficient to sustain a verdict establishing negli-
gence, notwithstanding the fact that it is not usual to use screens upon
such engines. It is sufficient, if the evidence tended to show that the
engine in question could not safely be used without one.

No rule of law can be laid down, defining how much acquaintance with
property a witness must have to render his opinion of its value compe-
tent evidence. He must have some knowledge of it, sufficient to enable
him to form an estimate, and it is then for the jury to say, in view of his
means of judging, to what weight his estimate is entitled.

(Argued January 9th; decided May 1, 1871.)

APPEAL from an order of the General Term of the Supreme
Court, in the second district, affirming a judgment entered
upon a verdict in favor of the plaintiff.

The action was brought to recover damages for the alleged
burning, by the defendant, of the plaintiff's dwelling-house,
situated in the village of Hempstead, in Queens county, on
the 23d day of October, 1863.

The defendant, on that day, was running a dummy engine
on the Hempstead branch track, that track being the property
of the defendant and connecting with its main road. The

granted or released to Thornton. The conclusion arrived at was based, not
only upon the provisions of the deed, which are inconsistent with an inten-
tion to vest a life estate only, but also upon the rule of law, that words of
inheritance were never necessary, where the grant operates by way of release
to one having an interest in fee in the lands. It was also there considered
that the adverse possession, certainly since the deed from John S. Brown
(1838), was sufficient to bar the plaintiffs, except so far as the defendant's
fee was qualified by the covenants and conditions of the lease.—REP.

track runs over Main street in a northerly direction from Hempstead village. The plaintiff's house was on the north-west corner of Main and Jackson streets, on the west side of the railroad, 32½ feet from the track.

On the day in question the engine passed the house on an up trip about twelve o'clock, and a few minutes after, the house was discovered to be on fire on the easterly slope of the roof, near the eaves.

The house was entirely consumed, together with some of the furniture.

The engine had formerly been guarded by a spark catcher or screen on top of the smoke pipe; this had been removed for some weeks, during which time sparks and ignited cinders of a considerable size had been thrown in profusion from the engine while in motion, setting fire to fences, and on one occasion flying over the top of the house next south of plaintiff's, and setting fire to it on the west side; and on the morning in question, cinders and coals had been thrown upon the stoop of the last named house.

The fuel used in the engine was oak and pine wood.

A day or two after the fire, a screen was put on the smoke pipe, and kept there until coal was substituted for wood.

The fire in the engine was but a few feet from the top of the smoke pipe.

There was no fire in the plaintiff's house, except a moderate one in a stove in the extreme west end of the extension, on the west side of the main house. The other material facts appear from the opinion of the court.

The jury rendered a verdict for the plaintiff. The defendant appealed to the General Term of the second district, and from affirmance there to this court.

*R. H. Huntley,* for the appellant.

*Geo. G. Reynolds,* for the respondent

EARL, C. The only grounds upon which we are asked to reverse the judgment below are, that there was no proof of

negligence, and hence that the plaintiff should have been nonsuited; and that improper evidence was received by the judge at the trial, as to the value of the dwelling-house.

1. The mere fact that large sparks were emitted from the engine in such profusion, and were carried to such a distance, as to set fire to adjoining fences and buildings, is sufficient to show that there was some carelessness, as common observation and experience teach that engines can be and are run through the country without such dangerous consequences. There was, however, evidence that a spark arrester had been used upon the smoke pipe of this engine before and after the accident, and that while thus used there was no damage from the sparks. The spark arrester had been left off for some weeks before the accident, and this furnished some evidence of negligence. It matters not that it was not common to use the spark arrester upon dummy engines. It is enough that the evidence tended to show that this engine could not with safety be run near dwellings without this appendage, and that it could be with it, and hence ordinary prudence required its use. It is sufficient upon this branch of the case, that there was some evidence from which the jury could properly infer negligence in the care, management or construction of the engine. (52 Penn., 379, Albany Law Journal, 3 vol., 155.)

2. To the witness Clomes, who was a carpenter, and knew plaintiff's house, had been in the kitchen of it, and knew its dimensions, location and general appearance, the following question was put by plaintiff's counsel: "Assuming the house to have been very plainly finished in the inside, and to have been partly built in 1814, and an addition made to it in 1836, and taking what you know of the condition of the house, in your opinion, what was the value of the house?"

To the witness Wells, who was a carpenter, assisted plaintiff in building an addition to his house in 1836, and was then all through the house; saw the house outside daily after that and knew its condition outside but not inside, at the time of the fire, the following question was put by the

plaintiff's counsel: "What in your opinion was the fair value of the house just prior to the fire?"

To the witness Brown, a carpenter, who testified that he knew the house, had seen it but little, and that the house was in good condition at the time of the fire, the following question was put: "Supposing the old part to be of oak and the new of pine, lathed and plastered, finished in a plain and substantial manner, and the timber of an ordinary size and amount, what was the fair value of the building on the day of the fire?"

To each of these questions there was a mere general objection, without specifying any grounds, by defendant's counsel, and the court overruled the objection and permitted the witnesses to answer.

I do not think these objections furnish any grounds of error.

While the acquaintance of the witnesses with the house was not very minute and exact, yet they had a general acquaintance with the house, and could form some estimate and give some opinion as to its value. There is no rule of law, and there can be none, defining how much a witness shall know of property before he can be permitted to give an opinion of its value. He must have some acquaintance with it, sufficient to enable him to form some estimate of its value, and then it is for the jury to determine how much weight to attach to such estimate. Here the witnesses were carpenters and had a general acquaintance with the house; they knew its shape, location, external appearance, and to some extent, its internal condition; and the court did not err in allowing their opinions of its value to go the jury for what they were worth. (*Clark* v. *Baird*, 9 N. Y., 183; *Beans* v. *Capley*, 10 N. Y., 93.)

If it was claimed, as to either of the questions, that it was incompetent for assuming facts not true or not proven, such ground of objection should have been specified, that the requisite proof might be given or the questions modified.

The judgment should, therefore, be affirmed with costs.

LEONARD, C.   The defendant's counsel insists that there was no evidence of negligence.

The locomotive was run without a screen over the smoke-stack, and the fuel used was pine and oak wood.   Large burning cinders were seen to pass from the smoke-pipe or stack.   A screen would have prevented the escape of such cinders.   This evidence was quite sufficient to require the questions of firing and of negligence, whereby the plaintiff's house was destroyed, to be given to the jury.

As to the question of damages:   Three witnesses testified to the value of the house.   They were all carpenters and had often seen it.   Some of them had not been in it, and the style of finish was not proven.   These men were competent to give a general opinion.   One who had not been into it was asked for his opinion based upon a plain finish.   It was proven to have been a dwelling-house, and had been occupied as such for many years.   I think there was no impropriety in assuming that it had a plain finish.   No other point was made at the argument here.

The judgment should be affirmed, with costs.

All for affirmance except LOTT, Ch. C., not sitting.

Judgment affirmed, with costs.