THE LEAVENWORTH, NORTHERN & SOUTHERN RAILWAY COMPANY v. MICHAEL WILKINS *et al.*

1. PETITION — *Character of Counts.*   Each count in a petition containing more than one cause of action must contain, in and of itself, a full and complete statement of all the facts constituting the cause of action sought to be stated, except that a count subsequent to the first, may be made sufficient by a proper reference to the first, or some other preceding count, without a repetition of all the facts necessary to constitute the cause of action.

2. DEMURRER, *When Error to Overrule.*   When the first cause of action in a petition contains no claim for damages, it is error to overrule a special demurrer to said cause of action, which states as a reason therefor that said count does not state facts sufficient to constitute a cause of action.

3. MISJOINDER *of Causes of Action.*   In the trial of an action on an appeal from the award of commissioners, in a railroad right-of-way case, a cause of action for injuries to lands owned by M. W. by reason of the appropriation of the right-of-way cannot be joined with an action for injuries to lands owned by M. W. and S. W. jointly. In such a case, it is error to overrule a demurrer to the petition, which avers the misjoinder as the reason thereof.

4. DAMAGES, *How Measured.* In an action for damages for injuries to lands by reason of the appropriation of a right-of-way for a railroad company across the same, damages must be confined to the tract of land over which the right-of-way is condemned, unless the owner has other lands contiguous thereto, and so situated with respect to the same that the value is appreciably augmented by their use in connection therewith as a single farm, and the appropriation of said right-of-way has destroyed or seriously interfered with such use.

5. VERDICTS, *General and Special.* When there is a discrepancy between the general and special verdicts of a jury, the latter must control.

6. JUDGMENT, *According to Special Verdict.* Where judgment is entered on the general verdict for a sum larger than is warranted by the special verdict, it is error to overrule a motion to reduce said judgment to make it correspond with the special verdict.

*Error from Atchison District Court.*

THE opinion states the case.

*Geo. R. Peck, A. A. Hurd,* and *Robert Dunlap,* for plaintiff in error.

*John C. Tomlinson,* for defendants in error.

Opinion by STRANG, C.: This was an appeal from the report of commissioners appointed to condemn the right-of-way for the railway of plaintiff in error. The plaintiffs below filed their amended petition in the district court of Atchison county, February 4, 1888. To this petition the defendant below presented a motion to require the plaintiffs to separately state and number their alleged causes of action, which motion was overruled. A demurrer was then interposed to said petition on the ground, first, that the first count or cause of action in said petition did not state facts sufficient to constitute a cause of action; second, the defendant demurs to the second count or cause of action in said petition, because it did not state facts sufficient to constitute a cause of action; and third, defendant demurs to the petition, because several causes of action are improperly joined. The demurrer was overruled. May 3, the defendant filed its amended answer and the case went to trial before the court and a jury. May 7, 1888, the jury returned

L. N. & S. Rly. Co. v. Wilkins.

a general verdict for the plaintiffs, and also a special verdict, consisting of answers to a large number of questions submitted to them by the defendant below. The general verdict was for $2,462.09. May 10, the defendant filed a motion to reduce the judgment, first, by $400, upon the ground that the special verdict showed the general verdict was that much too large; also by the sum of $170.59, for the reason that the plaintiffs were not entitled to interest. This motion was overruled. Defendant then filed a motion for a new trial, which was also overruled, and the defendant comes here asking a review of the case by this court.

Counsel for plaintiff in error in their brief first call our attention to their demurrer to the amended petition filed in the court below, and contend that the first count or cause of action therein set forth does not contain facts sufficient to constitute a cause of action. An examination of the petition satisfies us that the objection to this count of the petition is good. This cause of action fails to set up any claim for damages. Each cause of action in a petition containing more than one cause of action must "contain, in and of itself, a full and complete statement of all the facts constituting the cause of action therein sought to be stated. In other words, each count should be separate and distinct from every other count, and be complete within itself," except that a count subsequent to the first may be made sufficient by a proper reference to the first, or some other preceding count. (*Stewart v. Balderston*, 10 Kas. 145; *Krutz v. Fisher*, 8 id. 96.) The first count was designed to set out a cause of action for damages to lands owned jointly by Michael and Sarah Wilkins, arising from the condemnation of the right-of-way of the plaintiff; but it is not complete "in and of itself." It contains no claim for damages. If it contained the necessary allegations that are wanting, so that it could stand alone as a cause of action, there would be no difficulty in the way of the plaintiffs below recovering damages to at least a portion of the land therein described. They would then have a right to recover for any damage to the south half of the southeast

quarter of section 10, because it is admitted that they are joint owners of that portion of section 10, and that it is the ground over which the right-of-way of the plaintiff in error was condemned, and its road-bed constructed. The demurrer to this cause of action must be sustained.

The second count, with its reference to the first, may state a cause of action in favor of Michael Wilkins; but, as there is a demurrer to the petition as a whole, upon the ground that distinct causes of action are joined therein, which cannot be united, and as the same question is raised by objections to evidence, we will examine this count in the light of these objections. This count alleges that the plaintiffs, Michael and Sarah Wilkins, are entitled to damages to the lands therein described, by reason of injuries sustained thereto, growing out of the condemnation of the right-of-way of plaintiff's railroad. The petition here avers that the lands therein described belong to Michael Wilkins as sole owner thereof. It follows, then, that Sarah Wilkins, who is made a co-plaintiff with Michael Wilkins in this count, has no interest whatever in any damages which might be awarded for injury to the land therein described. The question, then, is, Can the second count, which, if it state a cause of action at all, states one in favor of Michael Wilkins alone, be united, in the same petition, with the first count, which attempts to set out a cause of action in favor of Michael Wilkins and Sarah Wilkins jointly? We think not. Paragraph 4166, General Statutes of 1889, is the provision in our code relating to joinder of actions, the last clause of which reads as follows: "But the causes of action so united must all belong to one of these classes, and must affect all parties to the action, except to enforce mortgages or other liens." In this case, the first of the two causes of action affects Michael and Sarah Wilkins jointly, while the second cause of action affects only Michael Wilkins. It cannot be said, then, that the second count affects all the parties to the action, and hence the code forbids their joinder in the same petition. In *Palmer v. Waddell*, 22 Kas. 352, the court held that —

"Where two or more persons have separate causes of action

against the same defendant, arising from the obstruction of a natural water-course, and the injury of their lands and crops thereby, they cannot unite in the same petition to recover damages for such injuries which are plainly distinct and unconnected."

See, also, *Hudson v. Atchison*, 12 Kas. 140; *Swenson v. Plow Co.*, 14 id. 387; *Schultz v. Winter*, 7 Nev. 808; *The State ex rel. v. Comm'rs of Reno Co.*, 38 Kas. 318; *Durein v. Pontious*, 34 id. 353; *Jeffers v. Forbes*, 28 id. 178.

Counsel for defendants in error refer to the case of *Comm'rs of Smith Co. v. Labore*, 37 Kas. 480. In that case, a father and two sons each owned a quarter-section of land lying together in a body. They entered into a copartnership to breed and raise cattle, and by the terms of the copartnership agreement they were to use the three quarters of land together in the business as one tract. A highway was constructed so as to affect these lands. Damages were separately awarded to two of these parties, and none to the third. Each one for himself appealed. On the trial in the district court, by the consent of parties, the three cases were consolidated and tried together. But several judgments were rendered in favor of two of the parties for damage to their several lands, and against the third party. The court also rendered judgment for damages in favor of all the parties for injury to the use of their land under their copartnership contract. This court sustained the judgment. But it must be remembered that the several actions in the name of each of the individual owners of the three quarters of land, and the claim for damages to their joint use and occupancy of the same, were joined in the district court, and tried together by consent of the parties, and that the improper joinder of causes of action in the case was by consent, and there was at no time any objection thereto. For the same reasons, the objections to the evidence concerning damages to lands in sections 15 and 9 should have been sustained. But, aside from this, we do not think the plaintiffs below, or either of them, can recover damages to lands in sections 15 and 9 by reason of the appropriation of the right-of-way for the rail-

road of the defendant below across and over the south half of the southeast quarter of section 10. We do not think these lands are in any appreciable way damaged thereby. The general rule, in relation to the assessment of damages to land for injuries thereto by reason of the appropriation of a right-of-way by a railroad company, is, that the damages shall be limited to the lot of land over and across which the right-of-way is condemned. Under our statutes this court has extended this rule, by giving a liberal construction to the phrase "lot of land," so as to include any contiguous, compact body of land used as a single farm. The warrant for this seems to be found in the language of the constitution (section 4, article 12), which provides that the compensation for such right-of-way, appropriated to the use of the company, includes not only the value of the property taken, but also the loss the land-owner sustains in the value of his property by being deprived of a portion of it; and also warranted by the language of the statute (¶ 1395, Gen. Stat. 1889), a portion of which reads as follows: "And for all other damages sustained by such person or persons by reason of such right-of-way so appropriated." This language not only includes damages for the right-of-way taken, but for all other actual damages sustained; that is, the result of injury by reason of the appropriation of the right-of-way. But we do not think this court has ever gone so far as to say that lands situated, with respect to the right-of-way appropriated, like the lands described in sections 9 and 15 are, should be considered in the assessment of damages because of the appropriation of the right-of-way. It is true that the evidence shows that the plaintiffs pastured these lands, and to that extent used them in connection with lands in section 10. But so they might pasture the land if it was in section 36 or section 6; but we do not think that would authorize the assessment of damage thereto by reason of a right-of-way condemned across the southeast quarter of section 10. These lands are not in a compact body. The land in section 9 is a mile away from the home farm, with a whole section of land belonging to a stranger intervening. But the defendants in error say

this land corners with the northwest quarter of section 15, and that the northwest of 15 corners with the southeast of 10, the lot over which the right-of-way was condemned, and therefore all of these lands are contiguous, and as they are used as one farm, by reason of these lands in sections 15 and 9 being pastured in connection with the home farm, it is proper, under the decisions of this court, to take them into consideration in assessing damages to the lands of plaintiffs below, on account of the right-of-way over the land in section 10. If this were true, then, if the plaintiffs below owned the northwest quarter of 16, and it was used as a pasture by the plaintiffs in connection with the home lands, that would have to be considered in the assessment of damages, because it cornered with lands that by a succession of corners reached the home tract affected by the right-of-way. It is only when other lands are so situated with respect to the tract affected by the right-of-way that their value consists largely in their use as a single farm in connection with the tract affected, and the appropriation of the right-of-way has destroyed or seriously injured that use, that they are considered in the assessment of damages. In this case, it is physically impossible for the plaintiffs below to go from their lands in section 10 to their lands either in sections 15 or 9 without going upon the lands of other owners. We think they can still reach these lands by crossing the lands of others by making a new lane at small expense. And if they cannot, they fail to show that they have any right-of-way over other lands to these lands that may not be shut off at any time. As this case goes back for a new trial, we are of the opinion that the lands in sections 9 and 15 should be dropped out of the case.

The motion to reduce the verdict in this case should have been sustained. The special verdict, which by its terms covers and specifies all damages that we think could possibly arise in this case, fixes the damages in the aggregate at a sum $400 less than the amount of the general verdict; and when there is a discrepancy between the general and the special verdicts, the latter controls. On the other hand, it is not error to al-

low interest on the sum found as damages, and the motion to strike out the item of interest was properly refused.

There are other questions raised in this case by reason of the court's refusal to give certain instructions, and to submit certain questions to the jury. But as the case will be reversed without considering these complaints, we will not notice them.

It is recommended that the judgment of the district court be reversed, and the case remanded for new trial.

By the Court: It is so ordered.

All the Justices concurring.