[No 4280. Decided July 15, 1902.]

EMMA LINES, *Respondent*, v. ALASKA COMMERCIAL COM-
PANY, *Appellant*.

CONVERSION — VALUE OF PROPERTY — OPINION EVIDENCE.

In an action to recover the value of a piano converted by de-
fendant to its own use at Nome, Alaska, a witness who was ac-
quainted with the piano in controversy, and had knowledge of
the selling prices of several pianos sold in that locality and the
prices asked for others, is competent to testify as to the value of
the piano in suit, when the evidence shows that there was no
regular sale for pianos in the ordinary commercial way, with a
fixed and current value for that class of property.

SAME — SUFFICIENCY OF EVIDENCE.

In such action, where a witness familiar with the piano which
was the subject of controversy was asked "you may answer what
in your judgment was an upright piano, stool and cover, standard
make and in first class condition and in good tone—what it
would be worth in July last year in Nome, Alaska," and had an-
swered "I should judge about $750 in Nome," and this was the
only evidence of value given, it was not error to deny a motion
to charge the jury to return a verdict for nominal damages only,
where no objection had been interposed to the question or an-
swer on the ground that the property in controversy was not
properly described.

Appeal from Superior Court, King County—Hon.
ARTHUR E. GRIFFIN, Judge. Affirmed.

*Gorham, Brown & Gorham,* for appellant.

*Ralph Simon,* for respondent.

The opinion of the court was delivered by

HADLEY, J.—This action was brought by respondent
against appellant to recover the value of a certain piano al-
leged to have been the property of respondent. It is also
alleged that the appellant unlawfully converted and dis-
posed of the same to its own use, to the damage of respond-

ent in the sum of $1,000. The answer is a denial of the material averments of the complaint. The cause was tried before a jury, which resulted in a verdict against appellant in the sum of $763.25. Appellant moved for a new trial, which was denied, and judgment was thereupon entered in favor of respondent for the amount of the verdict. This appeal is from said judgment.

The evidence introduced by respondent was to the effect that she was the owner and in possession of the piano in the city of Seattle; that she shipped it to Nome, Alaska, for the purpose of selling it; that while it was in charge of her agent at Nome for that purpose, it was, at the instance of appellant, seized by a special deputy United States marshal under a writ of execution issued out of the United States commissioner's court at Nome, in pursuance of a judgment rendered in favor of appellant and against one Adolph Spitzel; that the piano was sold at public sale under said execution, and was purchased by appellant, notwithstanding the fact that respondent's agent notified the officer in writing before the sale, and publicly announced at the sale, that it was the property of respondent, and not that of Spitzel. There was testimony that the piano was worth $750 when it was seized. Appellant introduced no evidence in denial of respondent's ownership, and offered no evidence as to the value of the piano at Nome. An offer was made to prove its value at Seattle, which was denied by the court. The court instructed the jury to return a verdict for respondent for what they should find to be the value of the piano under the evidence, not exceeding $1,000, the value alleged in the complaint, together with interest.

It is assigned as error that the court permitted respondent's counsel to interrogate the witness Jaffe as to the value of this piano. The witness resided in Nome from

the spring of 1899 until the autumn of 1901. He testified
that there was no regular sale for pianos there during that
time, and that not many were brought in from the out-
side; that he knew of six or seven sales during the time
he was there, and particularly named three of them. He
had some knowledge of pianos in general, knew this par-
ticular one, and had played on it himself. The sale under
the seizure was made on the 31st day of July, 1900. He
was not positive that any of the other sales within his
knowledge were made during that year, but did mention
sales made in the fall of 1899. He did testify, however,
that during the year 1900 he had an inquiry from a party
wishing to buy a couple of pianos, who desired to know
where he could find such to purchase; and also two in-
quiries from parties wishing to sell. He knew the prices
asked, but did not know of the actual sales or prices paid
for those pianos. He, however, did know the prices paid
for those sold within his knowledge. It is urged that,
as he was unable to testify positively that he knew of other
sales in the year 1900, he was therefore incompetent to fix
the value of the piano in question. We think the objection
is not well taken. The evidence had disclosed that in Nome
there was no regular sale for pianos in the ordinary com-
mercial way through agencies or mercantile houses. There
was therefore locally no such fixed or current value for
such property as could be satisfactorily established by
the testimony of experienced agents or merchants alone.
Yet the property was a thing of value, and the standard
thereof must have been considered with reference to the
location and environment of the community, as well as
with reference to other sales of similar property. The
testimony of persons acquainted with conditions in that
community and having knowledge of sales made and prices
paid for similar property was therefore competent, and

its weight was for the jury to determine. The fact that the knowledge of the witness as to specific sales may have pertained to sales made a few months remote from the time of the seizure of this piano was a circumstance for the jury to consider in estimating the value of the testimony, but such fact did not render it incompetent. The witness said he knew the value, and gave his reasons for believing that he knew it. The weight of his testimony was therefore determinable by the amount of knowledge upon the subject he showed himself to possess. *Birkel v. Chandler,* 26 Wash. 241 (66 Pac. 406).

"There is no rule of law, and there can be none, defining how much a witness shall know of property before he can be permitted to give an opinion of its value. He must have some acquaintance with it, sufficient to enable him to form some estimate of its value, and then it is for the jury to determine how much weight to attach to such estimate." *Bedell v. Long Island R. R. Co.,* 44 N. Y. 367, 370 (4 Am. Rep. 688).

It is next assigned that the court erred in denying appellant's motion that the jury be instructed to return a verdict for respondent for nominal damages only. This assignment is urged on the theory that there was no evidence as to the value of this piano, and that respondent could therefore recover no more than nominal damages. The witness Jaffe was asked the following question: "You may answer what in your judgment was an upright piano, stool and cover, standard make and in first class condition and in good tone—what it would be worth in July last year in Nome, Alaska." His answer was: "I should judge about $750 in Nome." There can be no doubt that the witness intended the above valuation for this particular piano. He knew it was the subject of inquiry, and his further examination showed his familiarity with it. In

any event, no objection was made to the question on the ground that it did not properly describe the property in question, and no motion was made to strike the answer for that reason. It was therefore properly before the jury, and under it respondent was entitled to recover more than nominal damages. The motion was properly denied.

The last assignment of error is that the motion for new trial was denied. The only suggestion made in the brief under this head involves the same questions which have already been discussed under the last assignment above.

The judgment is affirmed.

REAVIS, C. J., and FULLERTON, ANDERS, MOUNT and DUNBAR, JJ., concur.