[No. 8318. Department One. February 5, 1910.]

## In re WESTERN AVENUE.

### STANDARD FURNITURE COMPANY, *Appellant*, v. THE CITY OF SEATTLE, *Respondent*.[1]

TRIAL—NOTICE OF TRIAL—WAIVER OF OBJECTION—EMINENT DO-MAIN. The notice of trial required by Rem. & Bal. Code, § 319, is not jurisdictional, and is waived, on the preliminary hearing in a condemnation suit, where the party made no motion to set aside the adjudication of public use, and subsequently went to trial on the question of damages, after ample time to prepare for the same.

EMINENT DOMAIN—DAMAGES—TRIAL—CONSOLIDATION OF CASES—DISCRETION. In eminent domain proceedings by a city, it is dis-cretionary, under Rem. & Bal. Code, § 7768 *et seq.*, to consolidate actions against the owner and the lessee, and the ruling will not be reviewed unless prejudice is clearly shown.

SAME—DECREE—DIVISION OF DAMAGES. In eminent domain pro-ceedings by a city, Rem. & Bal. Code, § 7778, authorizes the assess-ment of one recovery of damages against the landlord and tenant, leaving it for division between the parties entitled thereto.

TRIAL—MISCONDUCT OF JUDGE—COMMENT ON CREDIBILITY OF WIT-NESS. Upon the examination of a witness as an expert upon land values, it is error for the court to remark in the presence of the jury that the witness had qualified as an expert in other hearings and was competent to give an opinion as shown thereby and by reason of his connection with a well-known real estate office for three and one-half years.

WITNESSES—EXPERTS—QUALIFICATION — EVIDENCE — OPINIONS. A witness is not qualified to give an opinion as to the value of real estate along a certain street from the fact that he had lived in the city eight years and had been in the real estate business, where it was not shown that he had bought or sold property along the street or was otherwise familiar with values there or elsewhere in the city.

Appeal from a judgment of the superior court for King county, Gay, J., entered June 25, 1909, upon the verdict of a jury of no damages in a regrade condemnation, after a trial on the merits. Reversed.

[1] Reported in 106 Pac. 901.

*Richard Saxe Jones,* for appellant.

*Scott Calhoun* and *Stephen V. Carey,* for respondent.

CHADWICK, J.—This is an appeal from a judgment of no damages to appellant, in the Western Avenue (Seattle) regrade case. The case was originally tried in May, 1909, and a new trial was granted. The case again came on for trial in June, 1909. Many irregularities in procedure were charged in the first trial and the proceedings leading up to it, all of which, in our opinion, have become unimportant and will not be now considered. However, it may be material in our discussion of the questions which we do find in the record to say that it appeared on the first trial that the Washington Mattress Company, a corporation, occupied the property involved in this case as a lessee; that the mattress company had not been made a party to the proceedings, and to cure the possible error as well as other irregularities, the trial judge granted a new trial. It was thereupon agreed that counsel would enter an appearance for the appellant as well as the mattress company. After a motion for separate trials had been overruled, the case proceeded to trial, resulting in a verdict of no damage to appellant, and a verdict in the sum of $2,500 in favor of the mattress company. From this verdict, the Standard Furniture Company, the owner of the fee, has appealed.

We have read the long record, and considering the legal points involved without reference to the feeling which seems to have crept into the case, or the rhetoric with which personal opinions have been expressed, we find but little to engage our serious attention.

The first question arising is, whether a reversal should follow because this appellant had no notice of the time the case would be called for preliminary hearing and was not present when the court found that the property involved was to be taken or damaged for a public use. Rem. & Bal. Code, § 319, provides for notice of the trial, and the manner of its

service. This was disregarded, in so far as this appellant is concerned, by the city attorney, but we do not understand this notice to be jurisdictional. Appellant had ample time to prepare for the trial after the new trial had been granted. It made no motion to vacate or set aside the preliminary order of public use, but went to trial upon the question of damages. We think the objection that the hearing on the question of public use was had without the presence of appellant, comes too late upon a motion for a new trial or upon appeal.

The next objection which we deem it necessary to notice is that appellant was penalized by being forced to trial with the Washington Mattress Company, its lessee. The consolidation of this class of cases for trial is within the discretion of the court (Rem. & Bal. Code, § 7768 *et seq.*), and will not be reviewed unless prejudice is clearly shown.

It is also contended that the court erred in directing one recovery, leaving it for division between the parties found to be entitled thereto. The statute directs that this shall be done, and it was not error. Rem. & Bal. Code, § 7778.

One Pardee was put upon the stand by the petitioner, when the following colloquy between the court and counsel took place:

"Mr. Carey: Now, if that objection goes to the fact that I did not qualify him, why, of course, I will qualify him now. Mr. Jones: I do not care to take up the time for my—The Court: This witness not qualified? Mr. Jones: The court held he was qualified. I don't see—The Court: This witness has been testifying in this court on this regrade case and other matters for such a period of time in this very regrade, on the other branch of the trial, for ten days, and the court takes less time to qualify the witness like that than a new one, and besides that, the court holds that a man that has been actively engaged in the real estate business, in this city for the last three and a half years, and maintained his own office, and has been connected with so well established an office as George Dilling, prior to that time, is qualified to give opinion evidence, so you will proceed with the examination.

Mr. Jones: We would like our objection entered to the statement of the court, as being testimony from the court as to the credibility of the witness, and as to his qualifications, and a comment upon the testimony.   The Court: I will say he is qualified to give an opinion.   I am ruling on his qualifications to give an opinion.   And it will be for the jury to— Mr. Jones: We are simply making our objection.   The Court: It will be for the jury to pass upon the weight of his testimony, and to give it such credit as they think it is entitled to.   Mr. Jones: We would like an opportunity— The Court: I heard your opinion.   You made it.   Mr. Jones: We object to the statement of the court, as constituting testimony in the case, as establishing the credibility of the witness, and commenting upon the testimony.   The Court: The court, gentlemen of the jury, makes no comment on the testimony of the witness, nor attempts to give any credit to you whatsoever, and you will disregard the court's statement to counsel for the reason—and it is because you are the sole arbiters and the credibility of the witness is for the jury.   Proceed with the examination."

The witness then testified that the property of this appellant was benefited to the amount of $6,000 to $6,500 over any damages sustained.   The amount of testimony to be taken upon the qualification of a witness is for the court and will not ordinarily be reviewed.   The weight and credit to be given to this opinion is for the jury.   The remark of the court to which exceptions were taken was clearly error, and it must have so occurred to the trial judge, for he attempted to cure it by his subsequent remarks.   If the witness had qualified himself in any degree, the effort of the court to cure the error would have been availing; but the record shows that he had not done so, and did not do so. There is nothing in the record except the opinion of the court tending to show his qualifications.   Where, from the very nature of things, the verdict must be based, to a large extent if not entirely, upon the opinions of those familiar with property values, it is important that the jury should determine the credibility of a witness from the testimony and not,

unless by agreement of counsel, from any assurance on the part of the court. It is true that the witness testified that he had lived in Seattle eight years, had been in the employ of a real estate agent for three and one-half years, and since the previous November had been in business on his own account; but it was not shown that he had ever bought or sold any property along Western avenue, or was otherwise familiar with values there or elsewhere about the city. *Lines v. Alaska Commercial Co.*, 29 Wash. 133, 69 Pac. 642; *Glass v. Buttner*, 39 Wash. 296, 81 Pac. 699. A man may be following a business, trade, or profession, but it does not follow that he is doing business, or has had enough experience or opportunity for observation to qualify him to express an opinion upon a given subject.

For the reason just assigned, the judgment of the trial court will be reversed and a new trial ordered, with directions to submit the question of damages to the fee of the property, if any, to the jury, the damage to the leasehold being determined by the verdict in favor of the mattress company.

RUDKIN, C. J., FULLERTON, and GOSE, JJ., concur.