[No. 8633.  Department One.  June 2, 1910.]

THE CITY OF TACOMA, *Respondent*, v. J. E. BONNELL *et al.*, *Appellants*.[1]

EMINENT DOMAIN—PARTIES DEFENDANT—SEPARATE TRIALS—DISCRETION—ABUSE.  In eminent domain proceedings by a city, all the owners may be joined as defendants, and abuse of discretion in refusing one a separate trial does not appear unless he is deprived of a fair trial and makes an affirmative showing of prejudice.

EVIDENCE—OPINIONS—VALUE OF LAND.  Evidence of the value of property is not objectionable as based upon what land was offered for, where the witness stated that he based his opinion on not only property he had for sale there, but other properties in the vicinity and in a general way, the witness having duly qualified.

EMINENT DOMAIN—DAMAGES—ASSESSMENT—STATUTES—CONSTRUCTION.  In eminent domain proceedings by a city, the jury is to determine only the damage to the land taken and the damages resulting to land not taken, although the court, in the language of Rem. & Bal. Code, § 7782, instructed them to further find the "gross damages" to any land or property not taken (other than damages to a remainder, by reason of its severance from the part taken), since this covers the same thing or is meaningless.

SAME—DAMAGE TO BUILDINGS—INSTRUCTIONS.  In eminent domain proceedings, it is not error to fail to instruct the jury as to damages which the owner might suffer if a building on the premises were removed, where the matters were covered by the general instructions.

SAME.  It is not error prejudicial to the owner to instruct the jury that they should determine the value of a building and add

[1] Reported in 109 Pac. 60.

**594** TACOMA v. BONNELL.

its cost to its removal, if it was damaged by its removal and could not be put in as good condition as before, although the instruction goes beyond Rem. & Bal. Code, § 7777, which provides that if the building is taken so that it cannot be readjusted to the premises, the measure of damages is its fair market value; since it was error favorable to the owner.

SAME—"TAKING OF PROPERTY"—MEASURE OF DAMAGES—REMOVAL OF BUILDING. Rem. & Bal. Code, § 7777, providing that, if a part of the building is taken or damaged and the building can be readjusted or replaced on the land remaining, the measure of damages to the building shall be the cost of removing it, is constitutional, it being within the power of the legislature to provide that such a removal is not a taking of property, where there was but one tract of land involved.

APPEAL—REVIEW—VERDICT. The verdict of a jury will not be overruled because of conflict in the evidence.

EMINENT DOMAIN—DAMAGES—EVIDENCE—VALUE OF LAND. In eminent domain proceedings, where all the witnesses testified as to the value of the property as it was at the time of the trial, it will be presumed that the verdict included the value of cement walks that had been laid, and it is not error to exclude evidence of the cost of the walks.

Appeal from a judgment of the superior court for Pierce county, Easterday, J., entered October 21,.1909, upon the verdict of a jury assessing damages in a proceeding to condemn land for public improvements. Affirmed.

*A. R. Titlow* and *Lorenzo Dow*, for appellants.

*T. L. Stiles, F. R. Baker,* and *F. A. Latcham*, for respondent.

CHADWICK, J.—This is an appeal from an award of damages under the statute authorizing cities of the first class to condemn property for public improvements. The jury rendered a verdict in form as follows:

"We, the jury in the above entitled cause, duly empaneled and sworn to try the issues herein between the petitioner and the several defendants do find and adjudge that the following sums be allowed to the several defendants for the value of lands taken, for damages to remaining lands not taken,

for damages by reason of proposed street grade, and for cost of removing buildings.

"14th. To the defendants James E. Bonnell and Mrs. James E. Bonnell, his wife, as the record owners of lots 17 and 18, block 5, Van Dusen's Addition to Tacoma,

For value of land taken......................$1,500.00
For damage to remaining land by reason of sever-
ance ................................. 100.00
For cost of removing residence building........
For value of residence building................ 500.00
For cost of removing store building........... 500.00
For value of store building..................
——————————————, Foreman."

Numerous errors are assigned, the first being that the court abused its discretion in refusing to grant these appellants a separate trial or a trial with another defendant who had improved property, and in refusing to make divisions or separate groups of defendants in lesser numbers than the whole. The case is in the usual form, fifty-six parties being made defendants. The statute (Laws 1907, p. 316; Rem. & Bal. Code, § 7768 *et seq.*) has authorized the proceeding complained of, and we cannot say that the discretion of the court has been abused, unless it be made to appear that a party has been deprived of a fair trial. He must make an affirmative showing of prejudice. *In re Western Avenue*, 57 Wash. 290, 106 Pac. 901. No such showing is made in this case.

It is next contended that one "H. B. Ritz was permitted to testify concerning the value of appellants' land, his opinion being based upon what land had been offered for." The evidence in that regard follows:

"Q. Counsel asked you if you had made any sales, and you replied that you had property for sale in that portion of the city. Did you base your judgment upon the values placed upon the property which you had for sale and your efforts to sell the same in the open market? Mr. Titlow. We object to that as not competent; not the proper test. The Court. I will overrule the objection. To which ruling of the court counsel for defendants Bonnell and wife duly

excepted. Exception allowed. A. Why, I base my opinion on not only property I have for sale there, but other properties in that vicinity in a general way."

Taken as a whole, we find no merit in this assignment.

The witness had qualified himself, and had on direct examination given his opinion as to the value of the property. The record does not show any sales in the immediate vicinity of the property sought to be condemned, and all the witnesses, for both the petitioner and the defendants, expressed a general opinion as to values.

The court instructed the jury practically in the language of the statute, which reads as follows:

"(1) The value of land taken at date of trial;

"(2) The damages which will accrue to the part remaining because of its severance from the part taken, over and above any local or special benefits arising from the proposed improvement. No lot, block, tract or parcel of land found by the court or jury to be so damaged shall be assessed for any benefits arising from such taking only.

"(3) The gross damages to any land or property not taken (other than damages to a remainder, by reason of its severance from the part taken), and in computing such gross damages shall not deduct any benefits from the proposed improvement. Such finding by the court or jury shall leave any lot, block, parcel or tract of land, or other property subject to assessment for its proportion of any and all local and special benefits accruing thereto by reason of said improvement." Laws 1909, p. 723, § 1 (Rem. & Bal. Code, § 7782).

It is insisted that the form of verdict makes no provision for the so-called "gross damages." It is true that the verdict does not, but we are at a loss to know what damages could be included therein if it had so provided. When the jury had determined the damages for the land taken and then the damages resulting to the property not taken, it has done all that it could do, and while the trial court was perhaps justified in submitting the third item to the jury, for it is, as we have said, in the statute, we confess our in-

ability to fathom the intention of the legislature in adopting the third clause in the section quoted. "Damages which will accrue to the part remaining" and "the gross damages to any land or property not taken," are one and the same thing, and the parenthetical clause, "other than damages to a remainder by reason of its severance from the part taken," must mean, if it means anything, that the damages to the remainder shall be assessed as an item separate from the sum allowed for the land actually taken. This the jury did. If that is what it means, there is no error in the verdict or instruction. If it does not mean that, it is meaningless, and no wrong results to the appellants by reason of the failure of the verdict to specify "gross damages."

It is next contended that the court erred in that he did not instruct the jury as to the damages the appellants might suffer if the larger building situate on the premises taken were removed and placed on a different street, causing a change of frontage and the sacrifice of an ell and stairway. These matters were all covered by the general instructions, and were undoubtedly considered by the jury, so that the verdict is conclusive.

It is further urged that the court instructed the jury that, if they believed that by the removal of any building to an adjacent property the building will be damaged and cannot be put in as good condition as it was at the time of the trial, they should determine the value of the building and add its cost to its removal. There is no error in this instruction, although it may go beyond the statute (Laws 1907, p. 319, § 10; Rem. & Bal. Code, § 7777), wherein it is provided that, if the entire building is taken so that it cannot be readjusted to the premises, the measure of damages shall be the fair market value of the building. The fact that the court in submitting this hypothesis to the jury in effect instructed them that, if the building could not be put in as good condition as at the time of the trial, they should find and add the cost of removal to the value of the

building, is in favor of the appellants, and would not be prejudicial. The testimony was full and fair upon the damages done to the buildings and the possibility of removal as well as the changed frontage of the buildings. We must, therefore, conclude that all resultant damages were included in the verdict of the jury.

The question is also raised that section 10 of the act which provides that, if a part of the building is taken or damaged and the building can be readjusted or replaced on the land remaining, the measure of damages to the building shall be the cost of readjusting or moving it, is unconstitutional. It is said that, if the city takes property, it must pay its full value. In the case of *In re Jackson Street*, 47 Wash. 243, 91 Pac. 970, a distinction between a taking and damaging is noted, and we conceive it to be well within the power of the legislature to provide that when it is possible to remove a building so it can be readjusted to the premises not taken, it shall not be a taking within the meaning of the constitution. The statute goes no further than to require the removal to the part of the particular tract that is not taken, and the public pays the cost of removal. It might be that there would be no authority for an act requiring a property owner to remove a building to some other tract of land; but where there is one distinct tract and the building may be removed from one part of it to another without destroying the structure, no constitutional right is violated.

It is contended that the verdict is contrary to the evidence. We find that there is evidence to sustain the verdict and, although a larger verdict might have been returned under appellants' testimony, we are not justified in overruling the verdict of the jury because of the conflict of evidence. Nor do we find any warrant in the record for appellants' insistence that the city conceded the values and damages fixed by appellants' witnesses.

Appellants' last contention is that they should have been

permitted to show the cost of the cement sidewalks which had been previously laid on three sides of the property. All of the witnesses testified as to the value of the property as it was at the time of the trial, and we find nothing in the record that would indicate that the estimates were made without reference to existing conditions. We must infer, then, that this item was included in the general verdict.

Finding no reversible error, the judgment is affirmed.

RUDKIN, C. J., FULLERTON, GOSE, and MORRIS, JJ., concur.