[No. 8576.   Department One.   June 18, 1910.]

THE CITY OF SEATTLE, *Respondent*, v. FRANK ATWOOD, *Appellant*.[1]

EMINENT DOMAIN—DAMAGES—MEASURE—IMPROVEMENTS—REMOVAL TO CONTIGUOUS LOTS. In proceedings to condemn a specified lot on which there was located a building, under Rem. & Bal. Code, § 7777, providing that if a building is damaged so that it cannot be readjusted to the premises, the measure of damages for its condemnation shall be its fair market value, damages are not authorized for readjustment of the building to another contiguous lot which was a separate unit, put to a distinct use, and which was not taken or damaged.

SAME—DAMAGES—TO CONTIGUOUS PROPERTY. Rem. & Bal. Code, § 7775, does not authorize an owner in condemnation proceedings to claim damages to a lot contiguous to the lot taken, where the lots were separate and appropriated to distinct uses.

Appeal by defendant from a judgment of the superior court for King county, Ronald, J., entered July 8, 1909, upon an award of damages in a condemnation proceeding, after a trial before the court and a jury. Reversed.

[1]Reported in 109 Pac. 326.

*John E. Ryan* and *Edwin M. Stanton,* for appellant.

*Scott Calhoun* and *Howard A. Hanson,* for respondent.

Gose, J.—This is a proceeding to appropriate certain land for park and parkway purposes, and to determine the just compensation to be made therefor. Limited to the questions before us, the petitioner sought to take and damage lot 13, in block 44, in Yesler's third addition to Seattle. The property owner has appealed from a verdict and judgment awarding him damages.

The appellant owns two adjoining lots, 4 and 13, with a house upon each lot. The former abuts on Lakeside avenue, and the latter abuts on Erie avenue. Lot 4 will not touch the proposed boulevard, nor is it included in the property sought to be taken or damaged. The respondent, over the objection of the appellant, was permitted to show that the appellant owned lot 4, and that the building on lot 13 could be readjusted to the part not taken by using a small portion of lot 4. The appellant contends that this was error. We think that, when considered with the verdict of the jury and the instructions of the court, it was clearly so. The court instructed the jury that the appellant "is entitled to have the building readjusted in some manner so as to make it substantially and practically as good as it is now. If the readjustment cannot be done, then he is entitled to have the value of the building if it is a total destruction." This instruction should have been given with specific reference to lot 13. The jury did not expressly find that the building could be readjusted to the remainder of lot 13, but allowed damages for its readjustment. The evidence leaves it exceedingly doubtful whether it can be so readjusted. The statute, Laws 1907, page 319, § 10 (Rem. & Bal. Code, § 7777), provides:

"If the entire building is taken, or if the building is damaged, so that it cannot be readjusted *to the premises*, then

the measure of damages shall be the fair market value of the building. . . ."

The testimony and the instructions should have been confined to the damages to lot 13. The lots were separate units and were put to distinct uses. The respondent did not seek to damage lot 4, nor did the appellant claim damages to that tract. "Contiguous lots improved for separate use are not one tract." 2 Lewis, Eminent Domain (3d ed.), 699. See, also, *Wilcox v. St. Paul & N. P. R. Co.*, 35 Minn. 439, 29 N. W. 148, and *Leavenworth, N. & S. R. Co. v. Wilkins*, 45 Kan. 674, 26 Pac. 16. As we said, in *Tacoma v. Bonnell*, 58 Wash. 593, 109 Pac. 60.

"The statute goes no further than to require the removal to the part of the particular tract that is not taken, and the public pays the cost of removal."

The respondent contends that the appellant had the right to claim damages to lot 4 under section 8 of the statute to which reference has been made. Rem. & Bal. Code, § 7775. This contention is untenable. As we have seen, the lots were separate and appropriated to distinct uses. The testimony and the instructions of the court should have been limited to damages to lot 13, and to the question as to whether the building could be readjusted to the part of the lot not taken.

The contention that exception was not properly reserved is without merit.

The judgment is reversed.

Rudkin, C. J., Fullerton, Morris, and Chadwick, JJ., concur.