[No. 34110. Department One. October 31, 1957.]

BREMERTON SCHOOL DISTRICT 100-C, *Respondent*, v. HANNAH HIBBARD, *Appellant*.[1]

[1] Reported in 317 P. (2d) 517.

*James O. Arthur*, for appellant.

*John C. Merkel, Farrell E. Cook,* and *Shirley G. Cook*, for respondent.

WEAVER, J.—This is an action by Bremerton school district 100-C, Kitsap county, to condemn, for school purposes, approximately ten acres of a thirty-acre tract of unimproved real property. April 9, 1956, the court entered an order adjudicating public use. The question of valuation was tried to the court without a jury. The owner appeals from the judgment of September 4, 1956, granting her $15,500 for the property.

Appellant urges (1) that the court erred when it admitted the testimony of Charles F. Williams, an appraiser for the school district, because (a) the witness was not shown to have the necessary qualifications to testify as an expert; (b) that the testimony of Charles F. Williams, as to value, should have been excluded because it was based entirely on hearsay; and (2) that the court erred when it found, as a fact, that the value of the property was $15,500.

Mr. Williams did not live in Bremerton; he lived and worked in Seattle. (We may notice, judicially, that the two cities are separated by Puget Sound. See *Bingham*

*v. Sherfy*, 38 Wn. (2d) 886, 234 P. (2d) 489 (1951).) He testified that he is a member of the American Institute of Real Estate Appraisers. We have previously noticed that these members are entitled to use the designation "M.A.I.," a title earned by examination in the theory and practice of appraising property. *In re Schmitz*, 44 Wn. (2d) 429, 434, 268 P. (2d) 436 (1954).

Mr. Williams testified that he had been appraising property for about twelve years, representing his own employer, John D. Davis Company of Seattle, school districts, the city of Seattle, King county, the state of Washington, public utilities, oil companies, trust departments of various banks, attorneys representing owners in condemnation cases, and private investors. His appraisal experience extended to areas outside of King county and the city of Seattle.

This we deem sufficient to qualify Mr. Williams as an expert appraiser, but the method used by him in determining his opinion of the market value of the property must meet the test of legality in order to be admissible in evidence.

Mr. Williams had never engaged in the business of buying and selling real estate in Kitsap county. He testified

"I have a personal knowledge of it [the real estate market in Kitsap county at the present time] but not from having had personal experience."

His personal knowledge was acquired as follows: He visited and inspected the ten-acre tract in question a number of times; he checked the records of the title company for specific sales in the area; he inspected the properties and talked with both buyers and sellers; he compared the properties with the one under consideration; he talked with "two contractors and about four real estate men who were selling properties in this area"; he checked the scarcity and availability of similar tracts and, in doing so, inspected an area—having an approximate radius of three quarters of a mile—between the property being considered and the sound; he compared other properties with the property owned by appellant.

When asked to enumerate the factors which he took into consideration in arriving at his conclusion, Mr. Williams said:

"I took into consideration the factors of the sales of other acreages which I noted in the area, generally; I considered the selling prices of unplatted tracts which had been divided up into lots; I considered the scarcity and availability of similar sites in the area; I considered the trend and growth of the area; I considered its probable cost of development— its probable resale possibility if it were divided; and I considered the price range of homes in the area, generally; and after consideration of all those various factors, I then arrived at my opinion of its value per acre, as acreage."

In *Lines v. Alaska Commercial Co.*, 29 Wash. 133, 136, 69 Pac. 642 (1902), this court approved the following rule:

" 'There is no rule of law, and there can be none, defining how much a witness shall know of property before he can be permitted to give an opinion of its value. He must have some acquaintance with it, sufficient to enable him to form some estimate of its value, and then it is for the jury to determine how much weight to attach to such estimate.' *Bedell v. Long Island R. R. Co.*, 44 N. Y. 367, 370 (4 Am. Rep. 688)."

We have set forth the factors Mr. Williams considered. In the light of his training and experience, he was qualified to evaluate these factors and to express an opinion of value based thereon. The hearsay nature of some of the facts he learned by his investigation did not render inadmissible his opinion of value, for there is no intimation that Mr. Williams in reaching his conclusion relied upon valuations fixed by others.

It is not necessary that the witness' knowledge be obtained in any particular manner. Want of experience as agent or broker in the area may be shown to affect the weight of his testimony, but it is not a ground for excluding it. *Chung v. Louie Fong Co.*, 130 Wash. 154, 226 Pac. 726 (1924).

Were this not the rule, hardship might result in localities

where local residents, best qualified to testify as to value, were disqualified because of adverse interests.

■ This court has held, on numerous occasions, that whether or not a witness will be permitted to render an opinion as to value is within the sound discretion of the trial court, and, unless that discretion has been abused, this court will not disturb the ruling in admitting such testimony. *Pacific Northwest Pipeline Corp. v. Myers,* 50 Wn. (2d) 288, 291, 311 P. (2d) 655 (1957), and cases cited.

■ We find no abuse of discretion. It was not error for the trial court to admit the testimony of Mr. Williams.

■ There is competent evidence in the record to support the trial court's finding that the value of the property condemned is $15,500. We will not, therefore, disturb the finding and the judgment based thereon. *Croton Chemical Corp. v. Birkenwald, Inc.,* 50 Wn. (2d) 684, 314 P. (2d) 622 (1957).

The judgment is affirmed.

HILL, C. J., MALLERY, FINLEY, and OTT, JJ., concur.