422 P.2d 408

**STATE of Arizona ex rel. Justin HERMAN, Director, Arizona Highway Department, Appellant,**

v.

**Jack A. WILSON and Violet R. Wilson, his wife, Appellees and Cross Appellants.**

**STATE of Arizona ex rel. Justin HERMAN, Director, Arizona Highway Department, Appellant,**

v.

**James L. FINLEY and Margaret I. Finley, his wife, Appellees.**

**No. 2 CA–CIV 126.**

Court of Appeals of Arizona

Jan. 19, 1967.

Review Granted March 28, 1967.

Darrell F. Smith, Atty. Gen., William E. Kimble, Sp. Asst. Atty. Gen., Tucson, for appellant.

Dunseath, Stubbs & Burch, by Robert C. Stubbs, Tucson, for appellees and cross appellants.

MOLLOY, Judge.

An extensive motion for rehearing has been filed by the property owners which presents at least one new contention and considerable additional authority not previously brought to the attention of this court. Advanced for the first time is the contention that there was no proper objection made by the state to the admission of the "log" (Exhibit H) of the pumping from the Finley well. The objection made was in these words:

"Same objection. There has been no foundation as to the admission of this exhibit."

If this were the only objection we would agree that an insufficient objection was made upon which to predicate error. State v. Hoffman, 78 Ariz. 319, 279 P.2d 898 (1955). However, a reading of other portions of the transcript will indicate that the state objected to the admission of the subject exhibit on hearsay grounds.

When Exhibit H was first marked for identification, the record shows the following:

"Mrs. Oaks. I show you Defendant's Exhibit H for identification. I wonder if you can tell me what that is, please?

"A That is a log of the hours of water pumped and the gallons per day pumped by the Isbell Construction Company in the Texas Canyon area using the Finley well.

"Q Did you have this information available to you at the time that you made your appraisal of the Finley property?

"A Yes, I did.

"Q And what indications to you did —well, what did your investigation reveal as far as the capacity of the Finley well was concerned?

"MR. KIMBLE: *Excuse me. Object to that as being based on hearsay.*

"THE COURT: May I see that?

"Mr. Reporter, could you read me back the precise question that was asked of the witness?

"(Thereupon, the question referred to was read by the Reporter.)

"MR. STUBBS: *If the Court please, I admit that that is hearsay,* but I call the Court's attention to, first of all, the Jay Six case. * * *" (Emphasis added)

Following the state's cross-examination of this value witness, property owners' counsel offered Exhibit H, expressly predicating his offer on the theory that the proper "foundation" had been laid for its admission through the cross-examination " * * * concerning all of the details in this particular exhibit * * *." It

was in this context that the above quoted objection by the state was made and supplemented by the following:

"*As far as any foundation,* there has been no showing who prepared this paper, from what facts they prepared it, the accuracy of the facts, and as to the materiality, it reflects a period of 35 days in 1957, five years before this happened, a period of 35 days. It shows there has been no foundation as to the surrounding circumstances in 1957 as to their comparability in 1962. It just could have no materiality or relevancy in this case." (Emphasis added)

■ In this context, we believe it was reasonably apparent that the objection "same objection" referred to the hearsay objection, which objection was not enlarged upon for the reason that opposing counsel had already conceded the hearsay nature of the document in question. The enlargement of the "no foundation" objection points out the lack of pertinency of the business records exception to the hearsay rule. We hold that sufficient objection was made to the hearsay nature of this "log."

Numerous additional authority is cited by the property owners in support of their contention that a value witness may detail the hearsay information upon which a value opinion is based. Most of it, however, stands only for the proposition that an opinion witness may base his opinion upon hearsay, not that he may relate that hearsay over objection. Included in such additional authority is Gillespie Land and Irrigation Company v. Gonzalez, 93 Ariz. 152, 379 P.2d 135 (1963); State Roads Commission v. Creswell, 235 Md. 220, 201 A.2d 328 (1964); Bremerton School District 100–C, Kitsap County v. Hibbard, 51 Wash. 2d 226, 317 P.2d 517 (1957); Finley v. Board of County Commissioners, 291 P.2d 333 (Okl.1955); H & H Supply Co. v. United States, 194 F.2d 553 (10th Cir. 1952); and 5 Nichols on Eminent Domain (3d ed.), pp. 253–256.

As heretofore indicated in our opinion, there is a diversity of authority in this area of law. Decisions permitting a value witness to relate the details of comparable sales, when the witness's knowledge is based on hearsay, often indicate that the reason for so doing is to expedite the course of the trial. State Highway Commission v. Greenfield, 145 Mont. 164, 399 P.2d 989, 991 (1965); and United States v. 5139.5 Acres of Land, 200 F.2d 659, 662 (4th Cir. 1952). In jurisdictions having discovery tools such as Rule 36, Rules of Civil Procedure, 16 A.R.S., by which a party may request that the other party admit " * * * the truth of any relevant matters of fact set forth in the request," and pursuant to which procedure the opposing party is charged with the cost of proof if he denies a request without " * * * good reasons * * *," Rule 37(c), Rules of Civil Procedure, a more expeditious and far more accurate way of establishing the facts upon which expert opinion is to be predicated is available.

Certainly, the instant trial gives no evidence of having been expedited by the use of hearsay testimony. The obvious unreliability of such testimony provoked extensive cross-examination which might have been obviated by the establishment of the foundational facts in a more reliable way. Particularly when an expert witness is permitted to go beyond his established expertise would we anticipate that cross-examination might be unduly extended. We adhere to the view previously expressed that the admission of the "log" was not justified in this case.

There is extensive argument in the motion for rehearing that the admission of this log was nonprejudicial, in that it was merely cumulative evidence. The sufficiency of the water supply to the Finley property for commercial development was one of the main issues running throughout this fifteen day trial. The property owners' theory was that this land had substantial value for a development which would require considerably more water than had been used on the property in past years. Other than this "log" there was no evidence that the well was capable of supplying such amounts of water. The testimony that the well in question had never "gone dry" is not cumulative of the facts set forth in the "log"; rather such evidence takes on added and critical significance in the light of this log, which shows that large quantities of water were pumped from this well during a particular period of time. We adhere to our view that the state was prejudiced by the admission of this "log" into evidence.

Additional authority is cited by the appellees' counsel to substantiate their contention that the true consideration of a document may always be shown. None, however, stands for the proposition that there is no distinction between a recital of a consideration in a document and a statement of consideration in contractual form. We believe the following to be an applicable statement of law:

> "If the consideration is stated in the writing and is of a contractual nature, parol evidence is inadmissible to vary or contradict it, as where a conveyance expressly recites that it is made for the settlement and release of specified claims. This rule precluding modification by parol evidence where the consideration is of a contractual nature applies to deeds and all other kinds of written instruments, since it is the legal effect of the instrument, not its name, which controls."

20 Am.Jur. Evidence § 1112, p. 975. And see 12 Am.Jur.2d Contracts § 90, p. 433.

We adhere to the view that the obligations of the state under the subject easement were of contractual nature and that this is not a case of a mere recital of consideration in an instrument.

■■■ Further, we are unable to accept the premise that, if such testimony was improper, it was not prejudicial. The only question at issue in this protracted trial was

that of the amount of the damages. Ordinarily, when improper evidence is admitted "* * * upon which the jury might act * * *," prejudice is presumed. Valley Transp. System v. Reinartz, 67 Ariz. 380, 383, 197 P.2d 269, 271 (1948).

We have examined the appellant's motion for rehearing and find that nothing therein requires any additional determination by this court.

The motions for rehearing are severally denied.

KRUCKER, J., and JACK G. MARKS, Judge of the Superior Court, concur.

NOTE: Judge JAMES D. HATHAWAY having requested that he be relieved from consideration of this matter, Judge JACK G. MARKS was called to sit in his stead and participate in the determination of this decision.