STATE ROADS COMMISSION OF MARYLAND *v.* CRESWELL, ET AL.

[No. 341, September Term, 1963.]

222

*Decided June 9, 1964.*

The cause was argued before BRUNE, C. J., and HENDERSON, HAMMOND, HORNEY and MARBURY, JJ.

*Carl H. Lehmann, Jr., Special Attorney,* with whom were *Thomas B. Finan, Attorney General, Joseph D. Buscher, Special Assistant Attorney General,* and *Walter W. Claggett, Special Attorney* from Easton, Maryland, on the brief, for appellant.

*William B. Calvert* for appellee.

MARBURY, J., delivered the opinion of the Court.

The appellant condemned 16.191 acres of a 28.9 acre parcel of land owned by the appellee Eva B. Creswell, which was involved in the construction of a portion of the Northeastern Expressway, a denied access, four lane divided highway. The interest of the County Commissioners for Cecil County, the other party defendant for tax purposes only, will be disregarded for the purposes of this appeal. The amount of land required and the necessity of the acquisition were agreed to by the parties. The sole issue for the jury's determination was that of damages. The jury viewed the property and heard testimony by four real estate appraisers, two to a side, three engineers, the property owner and an employee in the design department of

the consulting engineers on the highway project. The jury thereafter returned its inquisition awarding Mrs. Creswell the sum of $56,668.

Although not in the order in which counsel presented them in the briefs and oral argument, these five contentions are raised by the appellant who attempts to set aside the award claiming that the trial court erred in:

I, refusing to grant appellant's motion to exclude witnesses;

II, denying motions to strike the testimony of the appellee's valuation witnesses after it had been established that they were not among those excepted from the witness exclusion rule;

III, permitting Joesting, appraiser for appellee, to testify as to geological aspects of the subject property;

IV, refusing to grant motions to strike the testimony of Burkley, appraiser for appellee, for the reason that his opinion was based upon an improper measure of damages; and

V, admitting evidence of the quantity of gravel in the absence of a showing that the presence of such mineral deposit added value to the property.

## I and II

At the outset of the trial, counsel for the appellant made a motion to exclude the witnesses in accordance with Maryland Rule 546. That rule states that the court *shall*, upon the request of a party, order witnesses other than a party excluded from the courtroom until called to testify. The rule provides, however, that an expert witness who is to render an opinion based on the testimony given at the trial is excepted. There was an extended colloquy between the court and counsel and argument by both counsel on the motion. A portion of the colloquy is as follows:

> "Court: Let me ask you [defense counsel] a question please: These expert witnesses who are to render opinions, will their opinions be based on the testimony which will be given at the trial?
>
> "Mr. Calvert: Yes, your Honor. I understand Mr. Lehmann [counsel for the condemnor] moved for the exclusion of the witnesses.
>
> "Court: He did.

"Mr. Calvert: * * * Needless to say, the value that our real estate experts are going to place on this property is going to be based in part upon the testimony which is given by engineers in this case. So that actually one stands upon the other, so to speak.

"Court: On both sides?

"Mr. Calvert: I think that is correct, your Honor.

* * *

"Court: On the assurance of counsel that the expert testimony of his witnesses will be based on testimony which will be heard at the trial, and produced on the part of the State, and I assume also engineering or geological experts of the defendant who will precede the real estate experts, under those circumstances, gentlemen, I don't see how I could properly exclude such witnesses under this rule. * * *"

The appellant seems to accept the proposition that a real estate appraiser is an expert witness, and we have so recognized, usually *sub silentio*. See e.g., *State Roads Com. of Md. v. Novosel,* 203 Md. 619, 102 A. 2d 563. The contention is that appraisers should not be regarded as expert witnesses within the meaning of the rule. Appellant urges that the valuation of property is something the appraiser gains for the most part from information received, not by testimony of others at the trial, but by observation of the property, prior comparable sales, etc. It argues that the engineering data which was testified to at the trial was only a small portion of the sum total of facts and factors necessary to determine the value, and that furthermore, this information could have been made available through pre-trial procedure.

To buttress this argument appellant further contends that it was established on cross-examination that the opinion of neither of appellee's appraisers, Burkley or Joesting, depended upon any preceding testimony, and therefore the motions to strike their testimony should have been granted. The validity of this is questionable in light of other testimony of both appraisers that if examination of witness Richardson, the appellee's engineer, had resulted in a substantial change in his tests and find-

ings reported to them prior to trial, their respective appraisals would necessarily have been different. It is true, on the other hand, that both admitted on cross-examination that Richardson's testimony in fact did not cause them to alter their valuations. Of course the trial judge had no means of knowing this at the time the motion to exclude the witnesses was offered.

Rule 546 was adopted in September 1961 as the civil counterpart of the sequestration rule for criminal causes, Rule 753, which has been construed by us on several occasions. In *Bulluck v. State,* 219 Md. 67, 148 A. 2d 433, we stated the purpose of the rule (then Rule 737) to be to prevent witnesses from being "taught or prompted" by each other's testimony. We have held that even though the rule is now mandatory upon the trial court where the exception is not applicable, violation of the rule is not per se reversible error. Even in criminal cases where an allegation of deprivation of the defendant's rights is always closely scrutinized, we have required a showing of prejudice to those rights. *Swift v. State,* 224 Md. 300, 167 A. 2d 762; *Breeding v. State,* 220 Md. 193, 151 A. 2d 743; *Bulluck v. State, supra.*

Assuming without deciding that real estate appraisers do not come within the exception to the rule requiring sequestration of witnesses, nevertheless we are unable to find any prejudicial error in this case. Counsel for Mrs. Creswell, defendant below, put her on first. She was followed by two engineers, Richardson and Webb. Her two real estate appraisers, Burkley and Joesting, then followed and respectively placed the damages at $163,200 and $150,825. The highest estimated damages of appellant's appraisers was $14,398. Obviously Burkley and Joesting were not "taught or prompted" by appellant's witnesses, nor was Joesting apparently swayed by the testimony of Burkley, his predecessor on the witness stand, whose estimate exceeded Joesting's by more than $12,000.

Furthermore, we think the motions to strike the entire testimony of both appraisers were directed to grounds other than that stated in contention II. As to Burkley's testimony, the reason given was that it did not have "any basis or bearing for his land valuation of $10,100 an acre, or whatever it was." No

reason was given in support of the motion to strike Joesting's testimony, but it was obviously done in connection with contention III.

### III

While explaining how he approached his valuation of the property, Joesting testified at some length as to certain geological aspects of the property. He had found the gravel present to be a type known as Bryn Mawr, and he was explaining its formation as he understood it to be. At the commencement of this geological explanation and at its conclusion, appellant objected on the ground that Joesting was not a qualified geologist. The objection was overruled by the court, and appellant here contends the ruling was reversible error.

There are several answers to this contention. One is that though counsel for appellant stated in his objection that "some of this stuff I know is just not so," he did not call to the stand appellants' own geological expert to refute any of Joesting's testimony. No attempt was made to interrogate Joesting as to his source of knowledge, though he testified he had made a special study after realizing the property contained a mineral deposit. It is not a ground for excluding the testimony of an expert that he bases his statements in whole or in part upon what he has read, provided that his reading can be assumed to constitute part of his general knowledge adequate to enable him to form a reasonable opinion of his own. *Casualty Ins. Co. v. Messenger,* 181 Md. 295, 298, 29 A. 2d 653. The competency of an expert is a question resting in the trial court's discretion, and under these facts we cannot say the court's ruling was an abuse of discretion, and it therefore will not be disturbed. *Turner v. State Roads Comm.,* 213 Md. 428, 433, 132 A. 2d 455; *Casualty Ins. Co. v. Messenger, supra.*

More important we think is the fact that the portion of Joesting's testimony in which he specifically detailed his appraisal of the property and gave a monetary figure as to damages came in without objection. It was the function of the jury to determine what weight to give to both the geological information and Joesting's opinion as to damages. Under the circumstances we cannot say his explanation of how the particular type gravel was formed was reversible error.

*IV*

Appellant also contends that Burkley's appraisal was based entirely upon anticipated income from the sale of gravel, an improper measure of damages, and thus the motions to strike his testimony should have been granted. The first difficulty with accepting this contention is the existence of a procedural defect. It does not appear that the question has been properly preserved for review by this Court. The first objection came at the conclusion of a rather lengthy response by Burkley explaining how he arrived at his appraisal (the answer covers more than a page of the record extract). The conclusion of his answer and the colloquy regarding the objection are as follows:

> "Burkley: * * * Then too there are other factors such as that in the courthouse I tried to check comparable sales. I found a comparable situation which was, at least as far as the gravel deposits were concerned, 15 cents a cubic yard.
>
> "Mr. Lehmann: Objected to. I move the answer be stricken, your Honor. Counsel should have instructed his witness *on this point.* (Emphasis added.)
>
> "Court: Objection sustained. *Strike that price per yard.* (Emphasis added.)
>
> "Burkley: Can I—
>
> "Court: You can consider the quality and quantity of the deposit, but the jury cannot consider the unit value either in the ground or for sale* * *."

We think this portion of the record makes it plain that the objection went only to the testimony as to the price per cubic yard of comparable gravel deposits. That was what the court struck out. Assuming counsel for appellant could not have or should not have interrupted Burkley's answer, nevertheless if he was objecting to anything else in the lengthy answer, certainly that ground should have been so stated to the court at that time. No other ruling was sought or obtained then and the absence of such a ruling leaves nothing for this Court to review. Rules 885, 522 d 2; *Fowler v. Benton,* 229 Md. 571, 575, 185 A. 2d 344; *State Roads Commission v. Berry,* 208 Md. 461, 118 A. 2d 649.

At the conclusion of all of Burkley's testimony, counsel for appellant offered a motion to strike his entire testimony, as noted in the discussion of contentions I and II. The objection was too broad. Not all of the testimony was improper even assuming some of it was. The trial court was neither expected nor required to search the testimony and sift out the objectionable matter. *Hyde v. State,* 228 Md. 209, 224, 179 A. 2d 421; *State Roads Comm. v. Bare,* 220 Md. 91, 151 A. 2d 154; *Hohman v. Hohman,* 164 Md. 594, 613, 165 Atl. 812.

In any event, Burkley's response to a line of questioning on cross-examination fairly indicates he used anticipated income only as a factor to be considered in determining valuation, and this it is permissible to do in condemnation actions. *State Roads Com. of Md. v. Novosel,* 203 Md. 619, 623-24, 102 A. 2d 563; 1 Orgel, *Valuation under Eminent Domain* (2d ed), Section 164. What must be remembered in the final analysis, already alluded to, is that the credibility of experts as of other witnesses is for the jury's evaluation. It is apparent from the award, roughly four times the highest valuation of appellant's experts, and one-third of that of appellee's experts, that the jury was not particularly impressed by any of the witnesses' personal estimates of valuation.

## V

By far the most serious contention of the appellant concerns the proper method of determining valuation of condemned property when it contains mineral deposits. There is no disagreement with the general rule in this State. The measure of compensation is the actual market value of the property, which value depends upon the uses for which the property is available, and any special utility which may enhance its value in the market is an element to be considered. Where the suitability of a property for a particular use contributes to the market value, it can be considered even if it has not in fact been so utilized. *State Roads Comm. v. Warriner,* 211 Md. 480, 485, 128 A. 2d 248, and cases cited, especially *Bonaparte v. M. & C. C. of Balto.,* 131 Md. 80, 83, 101 Atl. 594.

Appellant argues that appellee has not shown that the presence of the gravel was relevant, *i.e.,* that it added value to the

land. It would seem simple to show valuation of the gravel by multiplying the total number of cubic yards of gravel by a unit value and thereby prove the value of the quantity of gravel to the land. However, the majority of cases do not permit this method, for the mineral deposit cannot be treated as a separate entity but must be considered an integral part of the property. Thus while a jury, in deciding upon the damages to the condemnee, may consider what value the minerals add to the property, if any, it may not use the most obvious method of determining what that value is, a rather anomalous situation. For a good discussion of the problem of whether the multiplication process (a) can or (b) cannot be used at all, or (c) may be used as a "factor" in evaluating mineral bearing land, and citations to the various conflicting authorities, see *State v. Nunes,* 379 P. 2d 579 (Ore. 1963). The question has not previously been decided by this Court, and we are of the opinion that the record before us leaves the matter open because the appellant has not properly preserved the question on appeal.

Much has already been said about the failure of the appellant to properly object to or preserve for review questions of admissibility of certain portions of the testimony of Burkley and Joesting. The broadside motion to strike all of their testimony we have rejected. Specific objections were made for other reasons than the one contended for or no ruling was obtained from the lower court to form the basis of the objection sought to be reviewed. All this applies with equal force to contention V. In addition, there were no exceptions to the court's charge to the jury. In fact, the instructions were prepared to a large extent from prayers offered by the appellant, and the jury was specifically told it could not use the multiplication method in determining the value of the gravel to the property.

As we have stated, the jury made an award substantially independent of the appraisals by either party as it was instructed it could do. We find no reversible errors in any of the contentions presented by the appellant.

*Judgment affirmed, with costs.*