KASTEN CONSTRUCTION COMPANY, INC. *v.* STATE ROADS COMMISSION

[No. 192, September Term, 1964.]

Decided March 8, 1965.

The cause was argued before HAMMOND, HORNEY, MAR-
BURY, SYBERT and OPPENHEIMER, JJ.

*Jerome F. Connell,* with whom were *Biener & Connell* on
the brief, for appellant.

*Herbert L. Cohen, Special Attorney,* with whom were *Thomas
B. Finan, Attorney General,* and *James C. Morton, Jr., Special
Attorney,* on the brief, for appellee.

HORNEY, J., delivered the opinion of the Court.

On the appeal in this condemnation proceeding, the only
question requiring consideration is whether this Court may re-
view the action of the lower court in excluding evidence bear-
ing on the net value of building lots in a proposed subdivision
of unimproved land.

The State Roads Commission of Maryland (condemnor)
condemned 5.14 acres (or 28 lots) of a 13.61 acre tract owned
by the Kasten Construction Company (condemnee) that had
been laid out in 58 lots which (because of the likelihood that
a state highway would be constructed through the proposed
subdivision) had not been rezoned from an agricultural use to
a cottage residential use.

At the hearing before a jury to determine the value of the
land to be taken, one of the appraisers for the condemnor, us-
ing a before taking valuation of $4000 per acre and an after
taking valuation of $2800 per acre, calculated the value of the
land taken to be $26,800. Another appraiser for the condemn-

or, also using "per acre" valuations, arrived at $28,170 as the value of the condemned land. On the other hand, an officer of the corporate condemnee testified that the lots in the subdivision would be saleable at an average price of $3000 each upon completion of the development. But when he sought to evaluate, as of that time, the fair market value of the land both before and after the taking, by showing the cost of bringing sewer and water lines (and possibly roadways and other improvements) to the lots in order to establish the net value of the lots to the condemnee, an objection by the condemnor (on the ground that the testimony of a representative of the sanitary commission would be the best evidence) was sustained. The condemnee then made a proffer that the witness, besides testifying "as to the value of the condemned property and the value of the remaining property both before and after the taking," would also explain how he arrived at such valuations. The court reserved its ruling on the proffer, but no ruling was ever made thereon, nor was a ruling ever requested by either party. Another witness for the condemnee, however, using "per lot" valuations, valued the tract at $127,600 before the taking and at $66,000 after the taking, or $2200 each for the remaining thirty lots, leaving $61,600 as his estimate of the severance or resulting damages to the remaining lots. The jury found that $27,000 was proper compensation for the land taken.

In essence, it is the contention of the condemnee that despite the failure of the trial court to rule on the admissibility of the proffered evidence, this Court should nevertheless review the alleged error of the lower court in excluding evidence that would have enabled the condemnee to give its estimate of the fair market value of the property taken. The lower court, of course, should have ruled on the proffer either at the time it was made or later, but since it did not, we think the condemnee, by not reminding the court that it had not ruled thereon, thereby failed to preserve for appellate review the question it presents on appeal. *State Roads Commission v. Creswell,* 235 Md. 220, 201 A. 2d 328 (1964); *Fowler v. Benton,* 229 Md. 571, 185 A. 2d 344 (1962); Maryland Rule 885.

In any event, since the testimony of the witness that a completely developed lot could be sold for $3000 together with his

untimely statement (which the jury was told to disregard) that it would cost $800 to develop a lot indicates that he was of the opinion (as was a subsequent witness for the condemnee) that each lot had a net value of $2200 at the time of the taking, it would seem that the condemnee was not prejudiced by the lower court having overlooked that it had not ruled on the proffer.

For the reasons stated the judgment absolute entered on the verdict of the jury will be affirmed.

*Judgment affirmed; appellant to pay the costs.*